IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **FULGENCE ROZARIO,** | * | |
| Appellant, | * | |
| | * | Case No.: GJH-19-2671 |
| v. | | |
| | * | Bankruptcy No.: 19-17968 |
| **TIMOTHY P. BRANIGAN,** | | |
| **Chapter 13 Trustee,** | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Appellant Fulgence Rozario filed this appeal from the August 29, 2019 Order of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). ECF No. 1. The August 29, 2019 Order denied confirmation of the Chapter 13 Plan proposed by Appellant without leave to amend. ECF No. 1-1. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a). A hearing is unnecessary. *See* Fed. R. Bankr. P. 8012 & Loc. Rule 105.6. For the reasons stated below, the Bankruptcy Court's Order will be affirmed.

**I.      BACKGROUND**

On June 11, 2019, Appellant filed a voluntary petition for Chapter 13 bankruptcy. ECF No. 2-1. Upon the filing of the case, the Bankruptcy Court scheduled the meeting of creditors pursuant to 11 U.S.C § 341(a) to be held on July 26, 2019, and Appellee Timothy P. Branigan was appointed as Chapter 13 Trustee. ECF No. 2-4. Appellant's counsel filed three motions requesting additional time to file missing documents including the Chapter 13 Plan and Schedules. ECF Nos. 2-11, 2-16, 2-19. On July 16, 2019, the Bankruptcy Court set a third and

final deadline of July 22, 2019 by which to file the missing documents, ECF No. 2-21, and they were ultimately filed on July 24, 2019. ECF Nos. 2-24, 2-25, 2-26, 2-27, 2-28, 2-29, 2-30, 2-31, 2-32, 2-33, 2-34, 2-35, 2-36.

On August 19, 2019, Appellee filed an Objection to Debtor's Chapter 13 Plan. ECF No. 2-47.[1] The Court held the Confirmation Hearing on August 27, 2019, ECF No. 2-48, and entered an order on August 29, 2019, denying confirmation of the Chapter 13 Plan without leave to amend, ECF No. 1-1. Appellant filed a notice of appeal on September 13, 2019. ECF No. 1. By letter dated and docketed October 17, 2019, the Clerk of the Court informed all counsel and parties that in accordance with Bankruptcy Rule 8018, Appellant's brief would be due within thirty days of the docketing of the Designation of Record. ECF No. 3. The brief was therefore due November 14, 2019. Appellant did not file a brief by that deadline and did not request any extensions. *See* ECF No. 4. On July 1, 2020, the Court issued an Order to Show Cause requiring Appellant to show good cause why the appeal should not be dismissed within 21 days of the Order. *Id*. Appellant filed an Opening Brief on July 21, 2020. ECF No. 5. Appellee filed a response on August 14, 2020. ECF No. 6.

## II. STANDARD OF REVIEW

The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo. *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.). Inc*., 453 F.3d 225, 231 (4th Cir. 2006). A bankruptcy court's application of law to fact is reviewed for abuse of discretion. *Coggins & Harman. P.A. v. Rosen (In re Rood)*, No. DKC-12 1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013).

---

[1] Appellant claims that Appellee filed a motion to dismiss on August 19, 2019, *see* ECF No. 5 at 5, but appears to be referencing Appellee's Objection to the Plan, ECF No. 2-47.

**III. DISCUSSION**

As a preliminary matter, Appellant's brief does not show cause for failure to comply with Rule 8018, as ordered by the Court on July 1, 2020. *See* ECF No. 4. Appellant provides no explanation for the eight-month delay in filing his brief appealing the Bankruptcy Court's decision. "Many courts have found an appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for its failure to file an appellate brief many months after the Notice of Docketing Bankruptcy Appeal." *In re Bristol*, No. 09-CV-1683 JFB, 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010); *see, e.g.*, *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 56 (2d Cir. 1987) (affirming the dismissal of an appeal from bankruptcy court where appellant failed to file a brief for seven months after the due date and provided no excuse). Thus, the appeal can be dismissed based on Appellant's failure to show cause for his non-compliance with Rule 8018.

However, even considering the merits of Appellant's arguments, Appellant's appeal fails. Appellant argues that the Bankruptcy Court erred in denying confirmation of his Chapter 13 Plan before Appellant had filed a response to Appellee's Objection to the Plan. ECF No. 5 at 4; [2] *see id.* at 5 ("The Debtor was not given enough time to respond.").[3] He outlines "multiple problems" he faced, including not receiving mail at three points during the proceedings, ECF No. 5 at 5; *see* ECF No. 2-22, 2-38, 2-44, being unable to stay in his apartment due to water damage, ECF No. 5 at 5, and failing to communicate with his counsel in a timely manner due to health problems, *id*. But these issues appear to relate to delays in providing documents prior to the Confirmation

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Appellant states that the issue presented is "[d]id the bankruptcy court err by dismissing a Chapter 13 case without leave to amend the Chapter 13 Plan, before the Appellant filed a response," ECF No. 5 at 4, but the Court understands Appellant to be disputing the Bankruptcy Court's denial of the Plan, which led to the case's dismissal 14 days later, *see* ECF No. 1-1.

Hearing—"Appellant admits, the paperwork was not presented to the Court in a timely manner," ECF No. 5 at 6—and Appellant fails to indicate their connection to his response (or lack thereof) to Appellee's Objection to the Plan.

Moreover, the Bankruptcy Court was not required to wait for a written response from Appellant before ruling on the Plan. The Confirmation Hearing was scheduled for August 27, 2019, ECF No. 2-48, and Appellee timely filed his Objection to Confirmation of the Plan on August 19, 2019, pursuant to Bankruptcy Rule 3015(f), ECF No. 2-47. The Rules do not provide for a written response to such objections, and Appellant has not provided support for his position that the Bankruptcy Court was required to give Appellant time to file a response before entering an order. Instead, debtors have the opportunity to be heard regarding any unresolved objections at confirmation hearings. Appellee asserts, and Appellant has not disputed, that both Appellant and his counsel attended the Confirmation Hearing and consented to the Order.[4] ECF No. 6 at 6. Because the Bankruptcy Court did not err in denying Appellant's Chapter 13 Plan without a written response from Appellant to Appellee's Objection, the appeal will be denied.

## IV. CONCLUSION

The Bankruptcy Court's denial of the Chapter 13 Plan is affirmed. A separate Order follows.

Dated: September 30, 2020 /s/_____
GEORGE J. HAZEL
United States District Judge

---

[4] Appellee further claims that shortly before the hearing, Appellant's counsel told Appellee's staff attorney, who represented him at the hearing, that Appellant would agree to denial of the plan without leave to amend, as Appellant had not realized the pre-petition mortgage arrears were in excess of $228,000.00. ECF No. 6 at 5. Indeed, the Bankruptcy Court's notes state, "Arrears 228,000. Didn't realize arrears so high." ECF No. 2-48.